STATE *v.* MAY.

Crim. 4052

Opinion delivered October 4, 1937.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellant.

*Thomas W. Rowland,* for appellee.

HUMPHREYS, J. The prosecuting attorney of the 7th judicial circuit of Arkansas charged, under oath, that appellee unlawfully operated in Hot Spring county, Arkansas, a pool room for hire in violation of Special Act No. 88 of the Acts of Arkansas of 1919 on the 12th day of May, 1937.

The act makes it a misdemeanor to operate a pool room for hire in said county within three miles of any school or church house finable in a sum not less than $50 nor more than $200.

On the trial of the cause in the circuit court appellee was acquitted from which judgment of acquittal the state has appealed to this court on the theory that the undisputed evidence showed that appellee was guilty as charged.

The record reflects, without dispute, that appellee owned and was operating a pool room in said county within three miles of schools and churches, but that prior to being charged with the offense he had sold his pool tables to a club, of which he became a member, for $700, $20 in cash and $20 per month until the purchase money should be paid; that appellee was selected as treasurer of the club and for his services in operating the pool room received $100 per month and in addition paid $40 per month to boys who racked the balls, etc., and other expenses such as rent of the room, utility bills, new equipment, etc. The revenue received by appellee consisted of membership fees of $1 per member and 50c per month for dues for each member. Anyone could get a membership who did not drink whiskey or beer. Appellee collected all the fees and dues and handled all the money he received. The windows and door were covered with Bon Ami. No one was required to knock to get in the room.

We think the sale of the pool equipment by appellee to himself and others for a small cash payment, and the continued management and control of the pool room at a fixed salary, his employment of boys to help operate the room, the collection of all membership fees and monthly dues, and the payment by him of all expenses incident to the operation of the pool room was a mere device, artifice and subterfuge to avoid the penalty of the act prohibiting the operation of the pool room for hire.

A pool room run for hire in the form of membership fees and monthly dues and which is open to the public upon the payment of membership fees is just as vicious in its tendencies and as injurious to public peace and good morals, as if run for so much per game. Its tendencies, such as leading to idleness, gambling and

other vices are just the same whether operated for so much per game or for dues and fees.

In view of our conclusion it follows that the trial court erred in not instructing the jury to find appellee guilty of operating a pool room for hire contrary to said act, and on account of the error the judgment is reversed, and the cause is remanded for a new trial.

SMITH and BAKER, JJ., dissent.